BUTTS, Justice
(dissenting).
I respectfully dissent. Section 33-1-5.2, Ala.Code 1975, authorizes the Alabama State Docks Department to provide a plan of health insurance benefits for its salaried employees, and it clearly mandates that “the benefits provided herein shall not exceed the benefits provided to employees of the Alabama state docks department subject to collective bargaining agreements.” § 33 — 1— 5.2(d) (emphasis added). As a means to this end, the statute authorizes the State Docks Department to establish these equal benefits through contracts with any qualified source. § 33-l-5.2(e).
The defendants look past the plain language of § 33-1-5.2 as a whole in order to focus on the words “provided herein” found in § 33-l-5.2(d). The defendants construe these two words to mean that benefits obtained through the State plan are not “provided” by § 33-1-5.2, because the administration of the State plan is set out separately in its own statute, § 36-29-1 et seq.
When read in its entirety and construed as a whole, however, § 33-1-5.2 clearly provides that a contract of benefits obtained for salaried employees through any “qualified source” falls within the requirements of § 33-1-5.2; the fact that the “qualified source” happens to be the State plan for which there is a general statute of administration does not nullify the legislature’s clearly expressed intent for equality of benefits between salaried employees and employees who are subject to collective bargaining agreements.
In construing two statutes related to the same subject matter, a specific or particular provision controls over a general provision. Baldwin County v. Jenkins, 494 So.2d 584 (Ala.1986). Moreover, if the language of a statute is unambiguous, there is no room for judicial construction of the statute and the clearly expressed intent of the legislature must be given effect. IMED Corp. v. Systems Engineering Assocs. Corp., 602 So.2d 344 (Ala.1992). The general statute governing the administration of the State plan does not exempt the State from the specific and unambiguous provisions of § 33-1-5.2.
I would therefore reverse the summary judgment and remand the cause for further proceedings.